**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAX TRANSIT MANAGEMENT CORP.,

        Plaintiff,

vs.                                                Case No. 3:13-cv-120-J-32TEM

AMALGAMATED TRANSIT UNION LOCAL DIVISION
NO. 1197,

        Defendant.

## ORDER

Plaintiff brought this case under the Federal Arbitration Act ("FAA") and 29 U.S.C. §185, also known as Section 301 of the Labor Management Relations Act ("LMRA"), asking for vacatur of an arbitration award issued in a dispute over a collective bargaining agreement.[1] The LMRA, rather than the FAA, applies to suits to vacate arbitration awards derived from collective bargaining agreements.[2]

---

[1] Defendant asks that Plaintiff's motion be denied for Plaintiff's failure to timely serve Defendant with notice of Plaintiff's action seeking to vacate or modify the arbitration award. (Doc. 15 at 3). The parties disagree both over when notice was given and when it was required. Compare (Doc. 15 at 3-5) with (Doc. 19). However, since Plaintiff's motion fails on other grounds, there is no need to determine whether adequate notice was given.

[2] Until recently, the applicability of the FAA to arbitration awards in disputes over collective bargaining agreements was unsettled in the 11th Circuit. See e.g., Int'l Bhd. of Elec. Workers Local 2088 v. Computer Sciences Raytheon, No. 6:05CV447ORL22DAB, 2006 WL 1308227, at *2 (M.D. Fla. May 10, 2006) (noting the uncertainty, and applying the FAA). However, the 11th Circuit recently applied the LMRA, and not the FAA, to a case relating to vacatur of an arbitration award arising out of a collective bargaining agreement. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC, 642 F.3d 1344, 1352 (11th Cir. 2011). In the process, the Court explicitly noted that, "the FAA does not apply to collective bargaining agreements." Id. at 1353 n.4. However, even if the FAA did apply here, the result would not

Under §301 of the LMRA, a motion to vacate an arbitration award should only be granted if the award is irrational, exceeds the scope of the arbitrator's authority, or fails to draw its essence from the collective bargaining agreement. <u>United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC</u>, 642 F.3d 1344, 1352 (11th Cir. 2011); <u>Atlanta Falcons Football Club LLC v. Nat'l Football League Players Ass'n</u>, 906 F. Supp. 2d 1278, 1281 (N.D. Ga. 2012). Judicial review of an arbitration decision pertaining to a collective bargaining agreement is extremely limited, such that courts cannot overturn an arbitrator's decision so long as the arbitrator is arguably applying the contract. <u>Major League Baseball Players Ass'n v. Garvey</u>, 532 U.S. 504, 509 (2001) (quoting <u>Eastern Associated Coal Corp. v. Mine Workers</u>, 531 U.S. 57, 62 (2000)).

Here, Plaintiff, JAX Transit Management ("JTM"), is the employer of record for bus operators and maintenance employees providing services to the Jacksonville Transportation Authority. (Doc. 1 at 1). Its employees are represented by the Defendant, Amalgamated Transit Union Local Division No. 1197 ("the Union"). (Doc. 1 at 1). The parties sought arbitration over whether JTM breached the collective bargaining agreement with the Union when JTM did not contribute to the group insurance program in December 2011. (Doc. 1 at 3). The underlying dispute revolved around Article 28 of the collective bargaining agreement, which listed JTM's "maximum contribution per eligible operator for the group insurance program". (Doc. 1 - Ex. A at 28). These contributions were expressly limited to use for

---

change.

payment of insurance premiums. (Doc.1 - Ex. A at 29).

Under a new health care plan, the Union did not owe any premium payments for healthcare coverage for December 2011. (Doc. 1 at 3). JTM therefore refused to pay any contribution for December 2011, arguing that, in the absence of any premiums, there was no way to make a contribution limited to the payment of insurance premiums. (Doc. 1 - Ex. C at 8). The dispute then went to arbitration. Under the terms of the collective bargaining agreement, the "scope of the Arbitrator's authority (was) limited to conducting the hearing, examining the witnesses of each party, considering the evidence and briefs, if any, and interpreting the language of the Agreement for the sole purpose of determining whether a specified provision thereof (was) breached . . . ." (Doc. 1 - Ex. A at 9). The arbitrator found no explicit language addressing a procedure for handling a month with no premiums. (Doc. 1 - Ex. C at 8). However, in interpreting the agreement, the arbitrator found that the collective bargaining agreement required JTM to use the maximum December 2011 contribution to defray the employees' portion of the premium in future months. (Doc. 1 - Ex. C at 10). The money from the December 2011 contribution was to be used to pay for the employees' share of the premiums for as long as the funds lasted. (Doc. 1 - Ex. C at 8).

For this arbitration award to be vacated, the award must have been either an action in excess of the arbitrator's authority, not derived from the essence of the collective bargaining agreement, or irrational. Wise Alloys, 642 F.3d at 1352.

First, the arbitrator did not exceed the scope of his authority. The arbitrator ruled that JTM violated a specific provision, Article 28, of the agreement. (Doc. 1 - Ex. C at 10). In doing so, the arbitrator fulfilled exactly the scope of his authority under the agreement, which

allowed him to interpret the agreement's language to determine if a specific provision was breached. (Doc. 1 - Ex. A at 9).

Second, the award was drawn from the essence of the agreement. An award fails to draw its essence from an agreement when it contradicts the express terms of the agreement. IMC-Agrico Co. v. Int'l Chem. Workers Council of United Food & Commercial Workers Union, AFL-CIO, 171 F.3d 1322, 1325 (11th Cir. 1999). Even if an arbitration award did contradict the terms of the agreement, it could still only be vacated where "the arbitrator recognized a clear rule of law and deliberately ignored it." Aldred v. Avis Rent-A-Car, 247 F. App'x 167, 170 (11th Cir. 2007). Here, the arbitrator interpreted the contract to require payment of the maximum monthly contribution towards premiums even where there was a month without premiums. (Doc. 1 - Ex. C at 10). While there was no language explicitly requiring these payments in a month with no premiums, there was likewise no language indicating that there would be no contributions in the event of a month without premiums. (See Doc. 1 - Ex. A at 28). Therefore, as the award related to a provision of the agreement and did not contradict an express term of the agreement, it did not fail to draw its essence from the agreement.

Finally, the award was not irrational. It is not for this court to determine whether the arbitrator's ruling was correct, but only whether it was arguably an application of the contract. Garvey, 532 U.S. at 509; IMC-Agrico Co., 171 F.3d at 1326. The contract provides for a maximum monthly contribution to be paid by JTM. (Doc. 1 - Ex. A at 28). This contribution was to be used only for payment of health insurance premiums. (Doc. 1 - Ex. A at 29). The contract was silent on the issue of what to do in a no-premium month, and it was in the

4

absence of any specific provision that the arbitrator had to make his decision. (See Doc. 1 - Ex. A at 28-29). It is at least arguable (though by no means the only possible result) that, in months where there was no premium, this contribution was intended to be applied to future premiums. Therefore, the award was not irrational.

**II.     The Award is Confirmed**

Defendant requested confirmation of the arbitration award under Section 9 of the FAA. (Doc. 15 at 11). As discussed previously, the FAA is inapplicable to suits arising out of arbitration under a collective bargaining agreement. Wise Alloys, LLC, 642 F.3d at 1353 n.4. However, where an arbitration award is made pursuant to a collective bargaining agreement, it can be enforced through §301 of the LMRA. Atlanta Falcons, 906 F. Supp. 2d at 1281; see e.g., Wise Alloys, LLC, 642 F.3d at 1349. Indeed, actions to confirm an arbitration award are granted under the LMRA so long as there are not grounds to vacate the award. See e.g., Atlanta Falcons, 906 F. Supp. 2d 1278. Here, there are no grounds to vacate the arbitration award. The award is therefore confirmed.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Vacate Arbitration Award (Doc. 1) is **DENIED**.

2. Defendant's Request for Confirmation of the Arbitration Award (Doc. 15) is **GRANTED**. The Arbitration Award, dated November 5, 2012, (Doc. 1 - Ex. C) is confirmed.

3. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of August, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

W.
Copies:

counsel of record